UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:07-cr-0028-JMS-DKL-1 |
| | ) | |
| ERIC WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus-Stinson, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on April 9, 2014, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on April 17, 2014, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On April 17, 2014, defendant Eric Williams appeared in person with his appointed counsel, Bill Dazey. The government appeared by Barry Glickman, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Chris Dougherty, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Williams of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Wiliams questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Williams and his counsel, who informed the court they had reviewed the Petition and that Mr. Williams understood the violations alleged. Mr. Williams waived further reading of the Petition.

3. The court advised Mr. Williams of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Williams was advised of the rights he would have at a preliminary hearing. Mr. Williams stated that he wished to waive his right to a preliminary hearing.

4. Mr. Williams stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Williams executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Williams of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Williams, by counsel, stipulated that he committed Violation Numbers 1, 2, 3, 4, and 5 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.** |
| 2 | **The defendant shall refrain from any unlawful use of a controlled substance.** |
| 3 | **The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to a controlled substances, except as prescribed by a physician.** |

During the term of supervision, the offender submitted four urine screens which tested positive for cocaine on February 21, 2012, March 14, 2014, March 24, 2014, and March 28, 2014. The offender admitted ingesting cocaine to produce all of the positive screens. The offender previously completed two different outpatient substance abuse treatment programs during this term of supervision.

| | |
|---|---|
| 4 | **The defendant shall not commit another federal, state, or local crime.** |

On December 5, 2013, a charge of Criminal Mischief, A-misdemeanor, was filed against the offender in Hamilton County Superior Court 6, under docket number 29D061312CM010042. The offender appeared on February 14, 2014, and the case was scheduled for a bench trial on May 16, 2014. The Charging Information indicates that on December 3, 2013, a Carmel police officer responded to a call of Criminal Mischief. The offender's former girlfriend, Elizabeth Vickers, reported that on the date she terminated her relationship with the offender and requested he remove his personal items from her apartment, she discovered several items had been vandalized, including two flat screen televisions and a laptop computer. The investigation indicated the offender's latent fingerprints were collected from one of the broken televisions. The offender denies he committed this alleged crime.

On April 26, 2013, the offender was arrested for Public Intoxication, after he was found lying on the front seat of his vehicle with the door open, and with the car parked in front of an abandoned house. This case was not filed by the Marion County Prosecutor's Office. The offender admitted he was drinking alcohol excessively on that day and has been drinking alcohol excessively on other occasions.

The offender was named in two police reports involving his girlfriend; however, he was not arrested in either incident. The first incident

occurred on December 21, 2012, and the report indicates the offender's girlfriend, Shavell Dowdell, who was pregnant with his child, alleged he battered her by pulling on her clothing and pushing her while he was intoxicated. The second incident, which occurred on March 8, 2013, indicates police were called to the mutual residence shared by Eric Williams and Shavell Dowdell on a report of damage to property. Ms. Dowdell told police that the offender came into the home intoxicated and caused major property damage, ripping a sink off the wall and breaking furniture. The offender claimed h could not remember these incidents.

| | |
|---|---|
| 5 | **The defendant shall participate in a program of mental health treatment as directed by the probation officer.** |

The offender has been directed to participate in mental health treatment and to take his prescribed medication as directed, which he has failed to do. The offender first reported experiencing auditory hallucinations while the instant offense was pending. He was sent to the Bureau of Prisons for a forensic psychiatric examination, which was completed on November 21, 2007. That report cited no severe mental illness, but provided a diagnosis of Polysubstance Dependence and Antisocial Personality Disorder, and declared him competent to stand trial.

On June 18, 2013, the offender was provided a mental health diagnosis at Midtown Mental Health of bi-polar disorder with mixed psychotic features, alcohol dependence and depression. He was subsequently prescribed Zyprexa and placed in a twelve week dual diagnosis program. Less than one month later, he complained about the time commitment of the program and reduced his number of weekly counseling sessions. On numerous occasions, the offender has admitted to the probation officer that he does not take his medication as prescribed, and blames his drug use and other negative behavior on his failure to take his medication. Due to his noncompliant behavior, the offender was placed in the Volunteers of America on june 10, 2013, and was released early, on September 4, 2013, in part due to his pledge to continue with his medication and mental health treatment. According to records at Midtown Mental Health, the offender's file was closed in January 2014 due to lack of contact. At the directive of this probation officer, he contacted Midtown and completed an assessment on March 17, 2014, at which time he admitted both cocaine and alcohol use. He was scheduled for a counseling appointment on March 28, 2014, but failed to appear.

7. The Court placed Mr. Williams under oath and directly inquired of Mr. Williams whether he admitted violations 1, 2, 3, 4, and 5 of his supervised release set forth above. Mr. Williams admitted the violations as set forth above.

8. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 2) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Williams' criminal history category is 4.

   (c) The range of imprisonment applicable upon revocation of Mr. Williams' supervised release, therefore, is 12-18 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The parties agreed on the appropriate disposition of the Petition to recommend to the court as follows: (a) the defendant's supervised release is to be revoked; (b) the defendant will be sentenced to the Bureau of Prisons for a period of twelve (12) months and one (1) day, with no supervised release to follow; (c) the defendant is to be taken into immediate custody; and (d) a recommendation of placement to a facility with mental health and drug treatment programs.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, ERIC WILLIAMS, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of twelve months (12) months and one (1) day, with no supervised release to follow. The defendant is to be taken into immediate custody with a recommendation of placement to a facility with mental health and drug treatment programs.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. Any party desiring said review shall have fourteen days after

being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

Counsel for the parties and Mr. Williams stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge=s Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. ' 636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Williams entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. ' 3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge=s Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Williams' supervised release, imposing a sentence of imprisonment of twelve (12) months and one (1) day, with no supervised release to follow. The

defendant is to be taken into immediate custody with a recommendation of placement to a facility with mental health and drug treatment programs.

IT IS SO RECOMMENDED.

Date: 04/21/2014

*Denise K. LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal